IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM BONNER, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:10-CV-937-XR |
| METROPOLITAN SECURITY SERVICES, INC., d/b/a WALDEN SECURITY, | § § § § § | |
| Defendant. | § § | |

**DEFENDANT METROPOLITAN SECURITY SERVICES, INC., D/B/A WALDEN SECURITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Metropolitan Security Services, Inc., d/b/a Walden Security ("Walden Security"), and files this its Original Answer to Plaintiff's Complaint and respectfully shows the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Walden Security upon which relief can be granted.

**SECOND DEFENSE**

Walden Security denies that it improperly compensated Plaintiff for regular or overtime wages.

**THIRD DEFENSE**

Plaintiff's claims are barred by the *de minimis* doctrine.

**FOURTH DEFENSE**

With respect to Plaintiff's claim for liquidated damages, Walden Security's actions were taken in good faith and with reasonable grounds for believing that the manner in which it compensated Plaintiff was not a violation of the Fair Labor Standards Act. Plaintiff is therefore not entitled to recover liquidated damages from Walden Security, or is entitled to only a reduced liquidated damages award under 29 U.S.C. § 260.

### FIFTH DEFENSE

Walden Security's actions were in good faith, in conformity with, and in reliance on a written administrative regulation, order, ruling approval, opinion letter, or interpretation of the Department of Labor, or any administrative practice or enforcement policy of such agency. Plaintiff's action against Walden Security is therefore barred in its entirety. 29 U.S.C. § 259.

### SIXTH DEFENSE

Plaintiff is estopped from asserting, and has waived, any claims against Walden Security to the extent that he worked any unreported hours and did so without the knowledge, and contrary to the instructions, of Walden Security, or concealed the facts from Walden Security.

### SEVENTH DEFENSE

Plaintiff's claims that arose more than two years before the filing of the Complaint are barred by the statute of limitations set forth in 29 U.S.C. § 255, as Walden Security did not willfully violate the Fair Labor Standards Act with respect to its compensation of Plaintiff.

### EIGHTH DEFENSE

Plaintiff is not similarly situated to, nor an adequate class representative for, other persons employed by Walden Security.

## NINTH DEFENSE

Plaintiff's claims have been fully satisfied and are therefore barred, in whole or in part, by the doctrine of accord and satisfaction due to Walden Security's payment of all wages to which Plaintiff claims he is entitled.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWELFTH DEFENSE

Walden Security does not presently know all of the facts and circumstances regarding Plaintiff's claims. Walden Security therefore reserves the right to amend this Answer as is necessary to assert any and all additional affirmative defenses that may be determined during the course of discovery.

## THIRTEENTH DEFENSE

In the event that the Court certifies this matter as a collective action, Walden Security asserts each of its defenses and affirmative defenses with respect to each person filing a consent to this action.

## FOURTEENTH DEFENSE

### RESPONSES TO SPECIFIC AVERMENTS OF THE COMPLAINT

1. Walden Security denies the averments of Paragraph 1 of the Complaint.

2. Walden Security denies the averments of Paragraph 2 of the Complaint.

3. Walden Security admits that Plaintiff was non-exempt under the Fair Labor Standards Act. Walden Security admits that Plaintiff has filed this action on behalf of himself

and "all others similarly situated" and that he apparently seeks recovery of compensation to which he claims that he and the allegedly similarly situated employees are entitled. Walden Security denies the remaining averments of Paragraph 3 of the Complaint.

4. Responding to the averments of Paragraph 4 of the Complaint, Walden Security admits that jurisdiction is proper in this Court and that Plaintiff purportedly brings this action under 29 U.S.C. § 216(b). Walden Security denies that any violation of the Fair Labor Standards Act or any other statutory or common law occurred such that would render Walden Security liable to Plaintiff.

5. Responding to the averments of Paragraph 5 of the Complaint, Walden Security admits that it engages in business in the Western District of Texas and that jurisdiction is appropriate in this Court, but denies that any action or inaction occurred in the Western District of Texas or elsewhere such that would cause Walden Security to be liable to Plaintiff under any theory. Walden Security is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 5 of the Complaint and therefore denies those averments.

6. Walden Security denies that Plaintiff's "written consent to this action" is attached as an exhibit to the Complaint. Walden Security is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 6 of the Complaint and therefore denies those averments.

7. Walden Security denies the averments of Paragraph 7 of the Complaint.

8. Walden Security admits the averments of Paragraph 8 of the Complaint.

20137_00/1018/JLF-1053784_2

9. Walden Security admits that it is an "enterprise engaged in commerce" as that term is defined in 29 U.S.C. § 203. Walden Security denies the remaining averments of Paragraph 9 of the Complaint.

10. Walden Security admits that it was an "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203. Walden Security denies the remaining averments of Paragraph 10 of the Complaint.

11. Responding to the averments of Paragraph 11 of the Complaint, Walden Security admits that it is an "enterprise" and an "employer" as those terms are defined in 29 U.S.C. § 203 but denies any violation of the Fair Labor Standards Act or any other statutory or common law with respect to Plaintiff's employment.

12. Walden Security admits the averments of Paragraph 12 of the Complaint.

13. Walden Security admits the averments of Paragraph 13 of the Complaint.

14. Walden Security admits that it employed Plaintiff as a security officer, that he was a non-exempt employee under the Fair Labor Standards Act, and that he was paid on an hourly basis. Walden Security denies the remaining averments of Paragraph 14 of the Complaint.

15. Walden Security denies the averments of Paragraph 15 of the Complaint.

16. Walden Security denies the averments of Paragraph 16 of the Complaint.

17. Walden Security denies the averments of Paragraph 17 of the Complaint.

18. Walden Security denies the averments of Paragraph 18 of the Complaint.

19. Walden Security denies the averments of Paragraph 19 of the Complaint.

20. Walden Security denies the averments of Paragraph 20 of the Complaint.

21. Walden Security denies the averments of Paragraph 21 of the Complaint.

22. Walden Security denies the averments of Paragraph 22 of the Complaint.

20137_00/1018/JLF-1053784_2

23. Walden Security denies the averments of Paragraph 23 of the Complaint.

24. Walden Security denies the averments of Paragraph 24 of the Complaint.

25. Walden Security denies the averments of Paragraph 25 of the Complaint.

26. Walden Security denies the averments of Paragraph 26 of the Complaint.

27. Walden Security denies the averments of Paragraph 27 of the Complaint.

28. Walden Security denies the averments of Paragraph 28 of the Complaint.

29. Walden Security incorporates its responses to Paragraphs 1-28 of the Complaint as if set forth herein.

30. Walden Security admits that, as a general proposition, Plaintiff and its other employees are covered by the Fair Labor Standards Act, but denies any violation of the Fair Labor Standards Act or other statutory or common law. Walden Security denies the remaining averments of Paragraph 30 of the Complaint.

31. Walden Security denies the averments of Paragraph 31 of the Complaint.

32. Walden Security denies the averments of Paragraph 32 of the Complaint.

33. Walden Security denies the averments of Paragraph 33 of the Complaint.

34. Walden Security denies the averments of Paragraph 34 of the Complaint.

35. Walden Security denies the averments of Paragraph 35 of the Complaint.

36. Walden Security denies the averments of Paragraph 36 of the Complaint.

37. In response to the prayer for relief, Walden Security denies that Plaintiff or any allegedly similarly situated employee is entitled to any judgment, recovery, damages, whether compensatory or liquidated, interest, attorneys' fees, or any other relief in this action.

38. All averments of the Complaint not herein specifically admitted are here and now denied.

AND NOW, HAVING FULLY ANSWERED, Walden Security prays that no certification of a collective action be issued in this case, that Plaintiff have no recovery whatsoever by reason of his Complaint, that this action be dismissed with prejudice, that the Court award Walden Security its reasonable costs and attorneys' fees incurred in defending this action, and that the Court award Walden Security all further relief to which it may be entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P

By: /s/ Stephen J. Romero
 Cyndi M. Benedict
 State Bar No. 03322000
 Stephen J. Romero
 State Bar No. 24046756
300 Convent, Suite 2200
San Antonio, Texas 78205
Telephone: 210.224.5575
Facsimile: 210.270.7205
cbenedict@fulbright.com
sromero@fulbright.com

AND

CHAMBLISS, BAHNER & STOPHEL, P.C.
 J. Bartlett Quinn, TN BPR No. 012219
 Justin L. Furrow, TN BPR No. 027667
 (Not yet admitted to Texas bar)
1000 Tallan Building, Two Union Square
Chattanooga, Tennessee 37402-2502
Telephone: 423.757.0205
Facsimile: 423.508.1205
bquinn@cbslawfirm.com
jfurrow@cbslawfirm.com

*Attorneys for Defendant Metropolitan Security Services, Inc., d/b/a Walden Security*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2010, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jeremi K. Young
The Young Law Firm, P.C.
112 W. 8th Ave., Suite 900-D
Amarillo, Texas 79101

/s/ Stephen J. Romero
Stephen J. Romero

20137_00/1018/JLF-1053784_2