IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM BONNER, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>METROPOLITAN SECURITY SERVICES, INC., d/b/a WALDEN SECURITY,<br><br>       Defendant. | Case No. 5:10-CV-937-XR |

## DEFENDANT METROPOLITAN SECURITY SERVICES, INC.'S OPPOSED MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STAY DECISION ON PLAINTIFF'S OPPOSED MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL CLASS MEMBERS

Metropolitan Security Services, Inc., d/b/a Walden Security, files its Motion for Judgment on the Pleadings and to Stay Decision on Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members in accordance with Federal Rule of Civil Procedure 12(c), presenting the Court with a simple issue:

> The Service Contract Act requires Walden Security to provide fringe benefits and authorizes it to pay cash in lieu of fringe benefits. The cash payments to employees are expressly excluded from their regular rates of pay. Walden Security therefore did not include the cash payments in lieu of fringe benefits in Plaintiff's regular rate of pay. Can Plaintiff state a claim for relief under the FLSA for Walden Security's exclusion of cash in lieu of fringe benefits from his regular rate of pay?

Plaintiff cannot state a valid claim for relief against Walden Security under the FLSA because the exclusion of cash in lieu of fringe benefits is expressly permitted. Plaintiff therefore fails to state a claim on which relief can be granted and therefore judgment on the pleadings on this claim is appropriate in Walden Security's favor.

## I.     INTRODUCTION AND RELEVANT FACTS

Walden Security provides contract security services at commercial and governmental facilities throughout the United States.[1]  As is pertinent here, Walden Security contracted with the United States Department of the Army to control personnel and vehicle access into Fort Sam Houston.[2]  Walden Security employed Plaintiff as an armed security officer and assigned him to Fort Sam Houston.[3]  Plaintiff was a non-exempt hourly employee of Walden Security and was paid an hourly wage plus an additional amount per hour in lieu of SCA-required fringe benefit payments.[4]  It is undisputed that Walden Security did not include the cash payments in lieu of fringe benefits in Plaintiff's regular rate when calculating his overtime compensation.[5]

On November 17, 2010, Plaintiff filed a collective action complaint against Walden Security alleging violations of the Fair Labor Standards Act.[6]  Plaintiff asserts a two-fold claim that Walden Security failed to properly compensate him and other security officers for overtime hours.  First, Plaintiff alleges that Walden Security improperly deducted 30 minutes for a daily meal break even though he and other security officers were not completely relieved of duty.[7]  Second, Plaintiff alleges that Walden Security "did not include all remuneration" paid to him and other security officers when calculating the officers' regular and overtime rates of pay.[8]  While this vague allegation does not define the contours of Plaintiff's claim, his Motion explains that he

---

[1] Compl. [Court File No. 1] at ¶ 13.
[2] See Pl.'s Opposed Mtn. for Conditional Certification & Notice to Potential Class Members ("Plaintiff's Motion") [Court File No. 17].
[3] Compl. [Court File No. 1] at ¶ 14; Plaintiff's Motion [Court File No. 17].
[4] Compl. [Court File No. 1] at ¶¶ 14, 18; Plaintiff's Motion [Court File No. 17] at 1-2.
[5] Compl. [Court File No. 1] at ¶ 18; Plaintiff's Motion [Court File No. 17] at 2.
[6] Compl. [Court File No. 1].
[7] Id. at ¶¶ 15-17.
[8] Id. at ¶ 18.

seeks recovery for Walden Security's exclusion of the cash payments in lieu of fringe benefits from his regular and overtime rates of pay.[9]

It is this second claim that is the subject of Walden Security's Motion. As demonstrated below, government contractors are allowed to provide service employees with cash payments in lieu of fringe benefits. These payments are expressly excluded from employees' regular rates of pay under applicable Department of Labor regulations. Plaintiff therefore does not have a valid FLSA claim against Walden Security for excluding the cash payments in lieu of fringe benefits from his regular rate of pay. His claim should be dismissed.

## II.  ARGUMENT

### A.  Walden Security's Motion for Judgment on the Pleadings Should Be Granted

#### 1.  A Motion for Judgment on the Pleadings Under Rule 12(c) Should be Granted When the Pleadings Demonstrate Plaintiff Has Not Stated a Valid Claim for Relief

A party may move for judgment on the pleadings at any time after the pleadings are closed.[10] A motion for judgment on the pleadings under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[11] Like a Rule 12(b)(6) motion, the central question on a Rule 12(c) motion "is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[12]

---

[9] Plaintiff's Motion [Court File No. 17] at 2, 5.

[10] Fed. R. Civ. P. 12(c).

[11] Willie Bowers v. Edgewood Indep. Sch. Dist., CIV.A. SA05CA404XR, 2005 WL 2648332, at *2 (W.D. Tex. Oct. 4, 2005) (Rodriguez, J.) (quoting Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).

[12] Id. (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Here, the relevant facts are not in dispute. Walden Security was entitled to provide Plaintiff a payment in lieu of fringe benefits. Department of Labor regulations under the SCA and FLSA authorize Walden Security to exclude this payment from Plaintiff's regular rate of pay. Plaintiff therefore is not entitled to relief on his claim that Walden Security violated the FLSA by excluding from his regular rate the payment in lieu of fringe benefits.

    2.    <u>The Service Contract Act Authorized Walden Security to Pay Plaintiff Cash In Lieu of Fringe Benefit Payments</u>

Walden Security is governed by the McNamara-O'Hara Service Contract Act of 1965 by virtue of its contract with the Department of the Army.[13] As an FLSA non-exempt employee who was hired by Walden Security to fulfill its government contract, Plaintiff was a "service employee" as that term is defined by the SCA.[14] Walden Security was therefore required to provide Plaintiff "fringe benefits" at a contractually specified level for such things as health and life insurance, medical or hospital care, accident insurance, and vacation and holiday pay, among other things.[15] In calculating an employee's overtime rate of pay, the SCA is clear that ordinary fringe benefit payments are not included in the employee's regular or basic rate: "[i]n determining any overtime pay to which such service employees are entitled under any Federal law, the regular or basic hourly rate of pay of such an employee shall not include any fringe benefit payments computed hereunder which are excluded from the regular rate under [section 207(e) of] the Fair Labor Standards Act."[16]

---

[13] <u>See</u> 29 C.F.R. § 4.107 (West 2011).

[14] 41 U.S.C. § 357 (West 2011). <u>See</u> 29 C.F.R. § 4.130(a)(23) (listing a contract for "[g]uard and watchmen security" as a type of covered service contract).

[15] 41 U.S.C. § 351(a)(2) (West 2011); 29 C.F.R. § 4.6(b)(1) (West 2011); 29 C.F.R. § 4.162(a) (West 2011).

[16] 41 U.S.C. § 355 (West 2011). The statute actually references section 207(d) of the FLSA, but the Department of Labor regulations clarify that the proper citation is to section 207(e) because section 207(d) has been repealed. <u>See</u> 29 C.F.R. § 778.7.

The SCA also allows employers to discharge their fringe benefit obligation by "paying to the employee on his regular payday, in addition to the monetary wage required, a cash amount per hour in lieu of the specified fringe benefits, provided such amount is equivalent to the cost of the fringe benefits required."[17]  Neither the SCA nor section 207(e) of the FLSA address whether cash payments in lieu of fringe benefits are excluded from employees' regular rates of pay.  This statutory silence is not compelling, however, because the Department of Labor regulations for the SCA and FLSA expressly state that cash payments in lieu of fringe benefits **are excluded** from employees' regular rates of pay.

> 3. The Department of Labor's Regulations Under the SCA and FLSA Expressly Exclude Cash Payments in Lieu of Fringe Benefit from Employees' Regular Rates of Pay

The Department of Labor regulations for the Service Contract Act provide that cash payments in lieu of fringe benefits are not included an employee's regular rate of pay.  The regulations quote the SCA, which references section 207(e) of the FLSA, and state that "[t]he effect of [41 U.S.C. § 355] in situations where equivalent fringe benefits or cash payments are provided in lieu of the specified fringe benefits is stated in § 4.177(e) of this part."[18]  Section 4.177(e) provides that cash in lieu of fringe benefit payments is excluded from employees' regular rates in the same manner as fringe benefit payments themselves:

> [i]f [the employer] furnishes equivalent benefits or makes **cash payments**, or both, to such an employee as authorized herein, the amounts thereof, which discharge the employer's obligation to furnish such specified fringe benefits, **may be excluded pursuant to this Act from the employee's regular or basic rate of pay in computing any overtime pay due the employee under any other Federal law**.[19]

---

[17] 29 C.F.R. § 4.177 (West 2011).

[18] 29 C.F.R. § 4.180 (West 2011).

[19] 29 C.F.R. § 4.177(e) (West 2011).

Additionally, the Department of Labor's regulations for the FLSA also quote 41 U.S.C. § 355 and state that cash payments in lieu of fringe benefits are excluded from employees' regular rates of pay:

> If the employer furnishes equivalent benefits or makes **cash payments**, or both, to an employee as therein authorized, the amounts thereof, to the extent that they operate to discharge the employer's obligation under the McNamara-O'Hara Act to furnish such specified fringe benefits, **may be excluded pursuant to such Act from the employee's regular or basic rate of pay in computing any overtime pay due the employee under the Fair Labor Standards Act**.[20]

The Department of Labor regulations are a reasonable construction of the SCA and are therefore entitled to Chevron deference,[21] as the United States District Court for the Southern District of Indiana recognized in Phelps v. Parsons Technical Support, Inc.[22] In that case, the plaintiff was employed by an SCA-covered contractor and was paid cash in lieu of fringe benefits.[23] The employer excluded the cash payments in lieu of fringe benefits from the employee's regular rate of pay, which the plaintiff claimed violated the FLSA.[24] The plaintiff therefore sued his ex-employer to recover additional overtime to which he claimed he was entitled because of the allegedly improper exclusion.

The employer moved for judgment on the pleadings and, relying on 29 C.F.R. §§ 4.177(e) and 778.7, argued that excluding cash payments in lieu of fringe benefits from the employer's regular rate did not violate the FLSA.[25] The district court deferred to the Department

---

[20] 29 C.F.R. § 778.7 (West 2011).

[21] Hanford v. Napolitano, CIVA SA-08-CV-795-XR, 2009 WL 3073956 (W.D. Tex. Sept. 18, 2009) (Rodriguez, J.) (citing Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S (1984) and Perez Pimentel v. Mukasey, 530 F.3d 321, 324 (5th Cir. 2008)).

[22] CIV. 2:09-0327-JMS, 2010 WL 4386920 (S.D. Ind. Oct. 29, 2010).

[23] Id. at *1.

[24] Id.

[25] Id. at *2.

of Labor's regulations and granted the employer's motion. The court decided that the SCA, specifically 41 U.S.C. § 355, was "silent or ambiguous" on the issue.[26] But, the Court was persuaded by the Department of Labor's conclusion that cash payments in lieu of fringe benefits are excluded from employees' regular rates of pay.[27] The court noted that its analysis was guided by Chevron deference for the Department of Labor's regulations, which the plaintiff did not argue were "arbitrary and capricious."[28] The court concluded that "in light of the cited portions of the DOL regulations, the Court concludes as a matter of law that [the employer's] cash payments made in lieu of fringe benefits pursuant to the SCA were excludable from the Plaintiffs' regular rate for purposes of calculating overtime."[29]

The court's rationale in Phelps is equally applicable to this case. Walden Security excluded the cash payments in lieu of fringe benefits from Plaintiff's regular rate of pay. The Department of Labor regulations expressly authorize this exclusion, and the regulations are neither arbitrary nor capricious. Walden Security therefore is not liable to Plaintiff for violating the FLSA as a result of this exclusion.

**B.     This Court Should Stay Consideration of Plaintiff's Opposed Motion for Conditional Certification and Notice to Potential Class Members Pending its Ruling on Walden Security's Motion for Judgment on the Pleadings**

On January 20, 2011, Plaintiff moved this Court to conditionally certify this action as a collective action under the FLSA.[30] Plaintiff attempts to satisfy his burden of demonstrating that he is similarly situated to other employees by asserting that all Walden Security employees assigned to Fort Sam Houston were subjected two "policies" that allegedly violate the FLSA:

---

[26] Id.
[27] Id.
[28] Id.
[29] Id.
[30] Court File No. 17.

Walden Security's "failure to include all remuneration in the calculation of regular and overtime rates" and Walden Security's failure to pay security officers for meal breaks during which they were allegedly required to "maintain vigilance, therefore not relieving them of all their job responsibilities."[31]  If this Court grants Walden Security's Motion for Judgment on the Pleadings, however, the policy of excluding cash payments in lieu of fringe benefits from employees' regular rates cannot be the basis for conditionally certifying a collective action because Plaintiff must demonstrate that he and similarly situated employees were the "victims" of a single policy.[32]  It is axiomatic that Plaintiff and other employees could not have been victimized by a policy expressly authorized by the Department of Labor's regulations.

With that "policy" removed as justification for conditional certification, Plaintiff will be left with the sole argument that conditional certification is appropriate because of the alleged "policy" that all security officers must maintain vigilance during their meal breaks.  As Walden Security demonstrates in its Response to Plaintiff's Motion, which is being filed contemporaneously with Walden Security's Motion for Judgment on the Pleadings, Plaintiff is unable to demonstrate that he is similarly situated to other employees with respect to the meal break claim.  Walden Security's officers were not required to maintain vigilance during their meal breaks, and the manner in which security officers spent their meal breaks is wildly divergent.  Each employee actually completed and signed a daily meal break form representing their individual actions during the meal breaks, thus preventing collective treatment of this action.  This Court should therefore stay any decision on Plaintiff's Motion until its rules on

---

[31] Id. at 6-7.
[32] See, e.g., Hickson v. U.S. Postal Serv., 5:09CV83, 2010 WL 3835885, at *2-3 (E.D. Tex. Sept. 28, 2010) (citations omitted).

20137_00/1018/JLF-1071127_1

Walden Security's Motion for Judgment on the Pleadings. A stay will prevent the premature grant of conditional certification.

### III.  CONCLUSION

The Department of Labor regulations expressly authorized Walden Security to exclude cash payments in lieu of fringe benefits from Plaintiff's regular rate of pay. Plaintiff therefore is not entitled to relief on this claim under the FLSA, and Walden Security's Motion for Judgment on the Pleadings should be granted. Additionally, Walden Security's request for a stay of the Court's decision on Plaintiff's Opposed Motion for Conditional Certification & Notice to Potential Class Members is warranted so that conditional certification is not prematurely granted based on a lawful "policy" according to the Department of Labor's regulations.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By:   /s/ Justin L. Furrow
       J. Bartlett Quinn, TN BPR No. 012219
       Justin L. Furrow, TN BPR No. 027667
1000 Tallan Building, Two Union Square
Chattanooga, Tennessee  37402-2502
Telephone:  423.757.0221
Facsimile:  423.508.1221
bquinn@cbslawfirm.com
jfurrow@cbslawfirm.com

AND

FULBRIGHT & JAWORSKI, L.L.P.
       Cyndi M. Benedict, State Bar No. 03322000
       Stephen J. Romero, State Bar No. 24046756
300 Convent, Suite 2200
San Antonio, Texas  78205
Telephone: 210.224.5575
Facsimile: 210.270.7205
cbenedict@fulbright.com
sromero@fulbright.com

*Attorneys for Defendant Metropolitan Security Services, Inc., d/b/a Walden Security*

## CERTIFICATE OF CONFERENCE

Under Local Rule CV-7(h), of the United States District Court for the Western District of Texas, Defendant has conferred with the Plaintiffs, and counsel opposes this motion.

/s/ Justin L. Furrow
Justin L. Furrow

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jeremi K. Young
The Young Law Firm, P.C.
112 West 8th Avenue, Suite 900-D
Amarillo, Texas 79101

/s/ Justin L. Furrow
Justin L. Furrow
